# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　PLAINTIFF<br><br>v.<br><br>$2,867.13 in funds from Ally Bank account ending in #3522;<br><br>$1,100,594.14 in funds from Ally Invest account ending in #2770;<br><br>$137.49 in funds from Capital One savings account ending in #4066;<br><br>$.58 in funds from Ally Bank account ending in #4497;<br><br>$57,000 in funds from Robinhood account ending in #9653; and<br><br>$99,853.63 in funds from Yieldstreet investment account in the name of Fawaad Welch,<br>　　　　DEFENDANTS | Case No. ___5:24-cv-05162___ |

## VERIFIED COMPLAINT IN REM

Plaintiff, United States of America, by and through David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure and 18 U.S.C. §§ 983, 984, and 985:

Page **1** of **6**

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce the provisions of:

   a. 18 U.S.C. § 981(a)(1)(C) for the forfeiture of property which represents proceeds of Wire Fraud in violation of 18 U.S.C. § 1343 and Bank Fraud in violation of 18 U.S.C. § 1344; and

   b. 18 U.S.C. § 981(a)(1)(A) and (C) for the forfeiture of property which represents proceeds of and was involved in Money laundering in violation of 18 U.S.C. § 1957.

## THE DEFENDANT *IN REM*

2. The Defendant Property is constituted by the funds on accounts seized pursuant to a seizure warrant executed in this district and brought to this district in the following amounts from the following locations:

   a. $2,867.13 seized in the District of Utah from Ally Bank account ending in #3522, in the names of **YOUNGBLOOD** and **WELCH** (Account #1);

   b. $1,100,594.14 seized in the Western District of North Carolina from Ally Invest account ending in #2770, in the names of **YOUNGBLOOD** and **WELCH** (Account #2);

   c. $137.49 seized in the Eastern District of Virginia from Capital One savings account ending in #4066, in the name of **WELCH** (Account #3);

   d. $.58 seized in the District of Utah from Ally Bank account ending in #4497 in the name of **YOUNGBLOOD** and/or **WELCH** (Account #4);

  e. $57,000 seized in the Northern District of California from Robinhood account ending in #9653 in the name of **WELCH (Account #5);** and

  f. $99,853.63 seized in the Southern District of New York from a Yieldstreet investment account in the name of **WELCH (Account #6).**

JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355 and 18 U.S.C. § 981.

4. This Court has in rem jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b)(1). Upon filing of this complaint, the plaintiff requests that the Clerk of the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) and 28 U.S.C. § 1395(a) because the acts or omissions giving rise to the forfeiture occurred in this district.

6. The Defendant Property as described above is now, and during the pendency of this action will be, in the jurisdiction of this Court and is currently held by the United States Marshal Services in various districts.

BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to the United States because it:

  a. represents proceeds of wire fraud and bank fraud, and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and (a)(1)(D); and/or

  b. represents proceeds of money laundering and/or was involved in money

laundering offenses, and is therefore, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C); and/or

    c.    represents the forfeiture of fungible funds pursuant to 18 U.S.C. § 984.

## FACTS

8.    Please see the Affidavit of Senior Special Agent for the Investigations Division of the Special Inspector General for Pandemic Recovery Harold Davis attached hereto as Exhibit A. The attached affidavit is hereby incorporated herein as if word-for-word and made a part of this Complaint. As such, the Affidavit and all eight-six (86) additional paragraphs are reincorporated here as if alleged herein and require a responsive pleading to each separate averment contained therein.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed, that judgment be entered declaring the defendant real property condemned and forfeited to the United States of America for disposition according to law, and that the United States of America be granted such other relief as this Court deems just and proper, together with the costs and disbursements of this action.

                                        DAVID CLAY FOWLKES
                                        UNITED STATES ATTORNEY

By:    /s/ Benjamin Wulff
            Benjamin Wulff
            Assistant United States Attorney
            Arkansas Bar No. 2005190
            414 Parker Avenue
            Fort Smith, Arkansas 72901

479-783-5125
E-mail: Ben.Wulff@usdoj.gov

## VERIFICATION

I, Harold Davis, hereby verify and declare under penalty of perjury that I am a Senior Special Agent for the Investigations Division of the Special Inspector General for Pandemic Recovery, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Federal Bureau of Investigation.

Pursuant to 28 U.S.C. § 1746, I hereby verify, certify, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31 day of July, 2024.

_Harold Davis_
Harold Davis
Senior Special Agent
Investigations Division of the
Special Inspector General for
Pandemic Recovery